IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01863-RMR-NYW

ROOF REHAB, LLC d/b/a RHINO ROOFING, LLC,

  Plaintiff,

v.

TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,

  Defendant.

---

### ORDER ON MOTION TO STRIKE

---

Magistrate Judge Nina Y. Wang

This matter is before the court on Defendant's Motion to Strike Plaintiff's Affirmative Non-Retained Experts Ryan Verstreater, Kyle Larson, Fabian Benavidez and Toni Morrow (the "Motion" or "Motion to Strike") [Doc 34, filed June 29, 2021].  The Motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated June 25, 2020 [Doc. 4],[1] and the Memorandum dated July 21, 2021 [Doc. 40].  Upon review of the Motion and related briefing and applicable case law, and upon finding that oral argument will not materially assist in the resolution of this matter, the Motion to Strike is respectfully **DENIED**.

### BACKGROUND

This case arises out of an August 6, 2018 hailstorm that caused damage to certain properties (the "Property") owned by non-party La Serena Homeowners Association ("La Serena"). [Doc. 5 at ¶¶ 5-6].  La Serena had obtained insurance coverage for the Property from Defendant Travelers

---

[1] This case was originally assigned to, and referred to the undersigned by, the Honorable Philip A. Brimmer.  *See* [Doc. 2; Doc. 4].  On July 6, 2021, this case was re-assigned to the Honorable Regina M. Rodriguez upon her appointment to the bench.  *See* [Doc. 36].

Casualty Insurance Company of America ("Defendant" or "Travelers"). [*Id.* at ¶ 5]. La Serena reported the hailstorm damage to Defendant, [*id.* at ¶ 7], which assigned claim numbers to the loss, inspected the Property, and drafted an estimate with a replacement cost value. [*Id.* at ¶¶ 7, 10]. In addition, La Serena hired Plaintiff Roof Rehab, LLC d/b/a Rhino Roofing, LLC ("Plaintiff" or "Roof Rehab") to repair the roof damage caused by the hailstorm. [*Id.* at ¶ 8]. In so doing, La Serena assigned all claims benefits arising out of the roof repair to Plaintiff. [*Id.* at ¶ 9].

During Plaintiff's reconstruction of the roofs, it found dilapidated decking throughout the roofing surface and reported this to Defendant. [*Id.* at ¶ 12]. Defendant did not inspect the Property, but based on pictures submitted by Plaintiff, Defendant denied payment for decking on the basis that it was not covered by the applicable insurance policy. [*Id.* at ¶¶ 13-14]. In addition, Plaintiff requested that Defendant pay for general contractor overhead and profit due to the complexity of the project, a request which Defendant denied. [*Id.* at ¶¶ 17-18].

Plaintiff filed this lawsuit on June 24, 2020, raising claims of breach of contract and unreasonable delay or denial of insurance benefits. *See* [*id.* at 6-7]. This court entered a Scheduling Order on August 17, 2020, setting discovery deadlines in this case. [Doc. 16]. Relevant here, the discovery deadline was set for April 30, 2021, [*id.* at 11], and after a requested extension of time, designation of affirmative experts were due February 26, 2021 and rebuttal expert designations were due April 12, 2021. [Doc. 20]. Plaintiff served its affirmative expert disclosures on February 26, 2021, which listed Ryan Verstreater ("Mr. Verstreater"), Kyle Larson ("Mr. Larson"), Fabian Benavidez ("Mr. Benavidez"), and Toni Morrow ("Ms. Morrow") as non-retained expert witnesses. [Doc. 34-1 at 1-2]. On June 29, 2021, Defendant filed the instant Motion to Strike, arguing that Plaintiff should be precluded from eliciting any expert opinions from these individuals because they were not properly disclosed under Rule 26. [Doc. 34 at 2].

Plaintiff responded in opposition on July 20, 2021, *see* [Doc. 38], to which Defendant replied. [Doc. 43]. Because this matter is ripe for disposition, I consider the Parties' arguments below.

## LEGAL STANDARDS

**I.    Rule 26**

Rule 26(a)(2) of the Federal Rules of Civil Procedure provides that a party must disclose to all other parties the identity of any person who may be used at trial to present evidence under Rule 702, 703, or 705 of the Federal Rules of Evidence. Fed. R. Civ. P. 26(a)(2)(A). With respect to non-retained expert witnesses, Rule 26(a)(2)(C) provides that "[u]nless otherwise stipulated or ordered by the court, . . . the disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). This District has traditionally employed a burden-shifting analysis for determining whether the requirements of Rule 26(a)(2) have been satisfied. *Morris v. Wells Fargo Bank, N.A.*, No. 09-cv-02160-CMA-KMT, 2010 WL 2501078, at *1 (D. Colo. June 17, 2010). The party moving to strike an expert witness bears the initial burden of showing that the disclosing party failed to comply with Rule 26(a)(2). *Id.* If the moving party makes such a showing, the burden shifts to the disclosing party to demonstrate the sufficiency of the expert disclosures. *Id.*

**II.   Rule 37**

Rule 37(c) governs violations of Rule 26(a)(2). Fed. R. Civ. P. 37(c). Rule 37(c)(1) of the Federal Rules of Civil Procedure provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

>   (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
>   (B) may inform the jury of the party's failure; and
>
>   (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(iv).

Fed. R. Civ. P. 37(c)(1). The determination as to whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the court. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). In exercising this discretion, the court's analysis is guided by the following four factors: (1) the prejudice or surprise to the impacted party; (2) the ability to cure the prejudice; (3) the potential for trial disruption; and (4) the erring party's bad faith or willfulness. *Id*.

In seeking to avoid a preclusion sanction, the party responsible for a Rule 26(a) violation bears the burden of showing the failure was substantially justified or harmless. *Sender v. Mann*, 225 F.R.D. 645, 655 (D. Colo. 2004) (citation omitted); *see also Contour PAK, Inc. v. Expedice, Inc.*, No. 08-cv-01091-PAB-KMT, 2009 WL 2490138, at *1 (D. Colo. Aug. 14, 2009) ("The burden of establishing substantial justification and harmlessness is upon the party who is claimed to have failed to make the required disclosures.") (citation omitted).

## ANALYSIS

### I.    Whether a Rule 26 Violation Occurred

Before considering whether Plaintiff's expert disclosures should be stricken and the experts precluded from testifying at trial, the court must first determine whether there was a Rule 26(a) violation. As set forth above, Rule 26(a) requires that expert disclosures of non-retained expert witnesses include (1) the subject matter on which the witness is expected to present evidence and (2) a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ.

4

P. 26(a)(2)(C)(i)-(ii). As courts in this District have recognized, "there is 'scant case law outlining what constitutes a sufficient disclosure under Rule 26(a)(2)(C).'" *Vanderlaan v. Ameriprise Auto & Home Ins.*, No. 20-cv-00191-PAB-STV, 2021 WL 4441518, at *6 (D. Colo. Sept. 28, 2021) (quoting *Chambers v. Fike*, 2014 WL 3565481, at *7 (D. Kan. July 18, 2014)). The Advisory Committee Notes to the Federal Rules advise that "[c]ourts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained." *See* Fed. R. Civ. P. 26 advisory committee notes to 2010 amendments. However, expert disclosures must nevertheless "obviate the danger of unfair surprise regarding the factual and opinion testimony of the non-retained expert and contain more than a passing reference to the general type of care a treating physician provided." *Vanderlaan*, 2021 WL 4441518, at *6 (quotation omitted).

Defendant argues that Plaintiff's expert disclosures violate Rule 26(a)(2)(C)(ii) because they fail to set forth a summary of the facts and opinions to which each of the witnesses is expected to testify. [Doc. 34 at 5]. According to Defendant, "[w]hile Plaintiff's disclosures provide a vague idea of the subject matter about which these individuals may testify . . . , they do not set forth a single expert opinion or identify any actual facts to which these witnesses are expected to testify." [*Id.*]. Further, Defendant contends that Plaintiff's Rule 26(a) violations were not substantially justified nor harmless. [*Id.* at 6]. In response, Plaintiff argues that its designations of Mr. Verstreater and Mr. Larson are proper and set forth a sufficient summary of facts and opinions which complies with Rule 26(a)(2)(C)(ii). [Doc. 38 at 1-2]. In addition, Plaintiff has withdrawn its designation of Mr. Benavidez, who Plaintiff represents "is merely a fact witness in this case." [*Id.* at 2]. Finally, with respect to Ms. Morrow, Plaintiff concedes that the designation "fails to state a summary of the facts of her opinion," but asserts that any violation of Rule 26(a) was

harmless because Defendant subpoenaed Ms. Morrow's appraisal file, which includes all of the documents Ms. Morrow relied upon in forming her opinions. [*Id.* at 2, 7].

"A summary is defined as a brief account that states the main points of a larger body of information." *Nicastle v. Adams Cty. Sheriff's Off.*, No. 10-cv-00816-REB-KMT, 2011 WL 1674954, at *1 (D. Colo. May 3, 2011). A party cannot satisfy its obligations under Rule 26(a)(2)(C) "by merely pointing to large swaths of information," like general references to documents. *Green Earth Wellness Ctr. LLC v. Atain Specialty Ins. Co.*, No. 13-cv-03452-MSK-NYW, 2016 WL 632051, at *3 (D. Colo. Feb. 17, 2016). While a disclosure need not "outline each and every fact to which the non-retained expert will testify," it should "provide a brief account that states the main points of the entirety of the anticipated testimony." *Vanderlaan*, 2021 4441518, at *6 (quotation omitted). A party does not meet its obligations under Rule 26(a)(2)(C)(ii) by merely stating that an expert will testify consistently with certain record documents. *Cf. Nosewicz v. Janosko*, No. 16-cv-00447-PAB-KLM, 2019 WL 4248895, at *6 (D. Colo. Aug. 19, 2019), *report and recommendation adopted*, 2019 WL 4242739 (D. Colo. Sept. 6, 2019) (in case of medical expert, concluding that, while "referring to a physician's medical records is appropriate," it is insufficient to simply state that the witness will testify consistent with the information set out in the records). With these principles in mind, the court addresses the sufficiency of Plaintiff's affirmative expert disclosures as to each disclosed expert.

**Fabian Benavidez**. In response to Defendant's request to strike the expert testimony of Mr. Benavidez, Plaintiff indicates that it has withdrawn the expert designation of Mr. Benavidez, [Doc. 38 at 2], and states that Mr. Benavidez "will only testify as to what repairs he performed." [*Id.* at 7]. In its Reply, Defendant appears to accept this withdrawal, as it now requests a court order striking the testimony of only Mssrs. Verstreater and Larson and Ms. Morrow. *See* [Doc. 43

6

at 6]. In light of Plaintiff's withdrawal of Mr. Benavidez's expert designation, the court finds that Defendant's request to strike the expert testimony of Mr. Benavidez is moot. *See Williams v. Castlewood Fire Prot. Dist.*, 755 F. Supp. 956, 962 (D. Colo. 1991) ("Plaintiff's withdrawal of his designation of expert witness renders Defendants' motion to strike moot."); *Guara v. City of Trinidad*, No. 10-cv-02529-WJM-KMT, 2011 WL 5374777, at *1 (D. Colo. Nov. 8, 2011) ("Plaintiff has withdrawn the designations of Ms. Miller and Ms. Vargas as expert witnesses. . . . Thus, the motion to strike Ms. Miller and Ms. Vargas is moot.").

**Ryan Verstreater**. Next, Defendant seeks to strike the expert testimony of Mr. Verstreater for failure to provide an adequate summary of the facts and opinions on which he is expected to testify. [Doc. 34 at 5]. Plaintiff included the following language in its expert disclosure of Mr. Verstreater:

> Ryan Verstreater, Roof Rehab, LLC d/b/a Rhino Roofing, 3971 S. Decatur St. Unit B, Sheridan, CO 80110, (303) 223-0866. Mr. Verstreater inspected the subject property following the hailstorm and assessed the hail damage to the subject property, including the roof assembly, rooftop decking/substrate, rooftop vents, and exterior stucco. Mr. Verstreater is expected to testify consistent with his personal observations during his inspection of the subject property, including but not limited to the observations expressed in his email to Marcus Weiss dated June 14, 2019 (bates labeled Roof_Rehab_000285-292).

[Doc. 34-1 at 1]. Defendant argues that this disclosure fails to set forth a single expert opinion or fact as to which Mr. Verstreater is expected to testify. [Doc. 34 at 5]. Moreover, Defendant asserts that the reference to the June 14, 2019 email is vague and is insufficient to satisfy the requirements of Rule 26(a)(2)(C). [*Id.*]. Plaintiff counters that the disclosure is sufficient to satisfy Rule 26(a)(2)(C) requirements because (1) it specifies the areas of Mr. Verstreater's inspection, e.g., the roof assembly, rooftop vents, and exterior stucco, and (2) it incorporates by reference the email in which Mr. Verstreater opined that the roof needed to be re-decked to meet applicable standards and which included photographs of the roof. [Doc. 38 at 5-6]. According to Plaintiff, the above

7

documents "specifically state the summary of facts that Mr. Verstreater relied upon to form his opinion that the roof had to be re-decked." [*Id.* at 6].

The court respectfully disagrees with Plaintiff and agrees with Defendant. The email from Mr. Verstreater states in full: "Marcus[,] Please see attached photos. After inspection of the roof decking on 3316 Valley Hi I have determined that this will need to be re-decked to meet industry roofing and code standards. I would like to give you an opportunity to inspect. Please let me know if you would like to inspect and when." [Doc. 34-2 at 1]. The email also contains eight photos depicting what appears to be a damaged roof or roofs. [*Id.* at 1-7]. But Rule 26(a)(2)(C) requires more specificity than what is provided in Plaintiff's disclosures. *See New Bethel Baptist Church v. Church Mut. Ins. Co.*, No. CIV-11-625-L, 2012 WL 12863325, at *2 (W.D. Okla. Aug. 7, 2012) (the mere reference to documents is insufficient to meet Rule 26(a)(2)(C) standards). Indeed, the email—and Plaintiff's disclosure—do not specifically identify the facts upon which Mr. Verstreater bases his opinion that the roof must be re-decked. *See* [Doc. 34-1 at 1; Doc. 34-2]. While Plaintiff argues that its disclosure is sufficient because it specifies the areas that Mr. Verstreater inspected, *see* [Doc. 38 at 5-6], a list of elements inspected by Mr. Verstreater does not demonstrate which, if any, of these elements might have led him to his conclusion as to re-decking. *See* [Doc. 34-1 at 1]. Moreover, neither the disclosure nor the email sets forth Mr. Verstreater's "personal observations during his inspection of the subject property," [*id.*], beyond Mr. Verstreater's opinion that the roof needed to be re-decked. *See* [Doc. 34-2 at 1]. But based on Plaintiff's representation that Mr. Verstreater is expected to opine as to his observations "including *but not limited to* the observations expressed in his email," *see* [Doc. 34-1 at 1 (emphasis added)], the court finds that a singular opinion concerning the re-decking of roofs does not constitute a summary of apparently multiple facts and/or opinions to which Mr. Verstreater is expected to

8

testify. *See Cordero v. Froats*, No. CV 13-031 JCH/GBW, 2016 WL 7426577, at *7 (D.N.M. Sept. 27, 2016) (to comply with Rule 26(a)(2)(C), "the disclosure must summarize actual and specific opinions, with a brief account stating the main points of the anticipated testimony.") (quotation omitted).

"[C]itation to records with no clear indication of what sections will be used or how the facts or opinions will be framed and presented in testimony does not constitute a 'summary of the facts and opinions to which the witness is expected to testify' within the meaning and requirements of Rule 26(a)(2)(C)(ii)." *A.R. by Pacetti v. Corp. of President of Church of Jesus Christ of Latter-Day Saints*, No. 12-cv-02197-RM-KLM, 2013 WL 5462277, at *3 (D. Colo. Sept. 30, 2013); c*f. Tuft v. Indem. Ins. Co. of N. Am.*, No. 19-cv-01827-REB-KLM, 2021 WL 1759638, at *3 (D. Colo. Feb. 18, 2021) (finding that the general statement that expert physicians would testify as to their "observations" of the plaintiff, i.e., "general references to material without any specification of what opinions will actually be offered," did not meet the "summary" requirement of Rule 26(a)(2)(C)(ii)). Because Plaintiff's expert disclosures fail to set forth an adequate summary of the facts or opinions to which Mr. Verstreater is expected to testify, the court finds that the disclosure of Mr. Verstreater fails to comply with Rule 26(a)(2)(C)(ii).

***Kyle Larson***.  With respect to Mr. Larson, Plaintiff made the following expert disclosure:

> Kyle Larson, Furtado Law Solutions, 3773 Cherry Creek N. Drive, Suite 755, Denver, CO 80209, (303) 317-6649. Mr. Larson inspected the subject property and prepared a report and took photographs regarding the damage to the subject property and potential repair/replacement work to the subject property. Mr. Larson will testify consistent with his report dated July 10, 2019 and photographs (bates labeled Roof_Rehab_000333-377).

[Doc. 34-1 at 1]. Defendant classifies the report referenced in the disclosure as "a repair estimate Mr. Larson prepared in 2019" and argues that the statement that Mr. Larson "will testify consistent with his report dated July 10, 2019 and photographs" is vague and insufficient to satisfy Rule

9

26(a)(2)(C) standards. [Doc. 34 at 5]. In response, Plaintiff states that "Defendant's motion is based upon a misunderstanding." [Doc. 38 at 6]. Plaintiff argues that, although it titled Mr. Larson's estimate as a "report" in its disclosures, the document referenced is indeed an estimate, which is impossible to summarize and "speaks for itself." [*Id.*]. In addition, Plaintiff represents that it is "only calling Mr. Larson for the purpose of explaining his observations in the photos to his estimate and how he estimated the cost of repairs which is also in his estimate." [*Id.*].

The court has reviewed Mr. Larson's estimate [Doc. 34-3] and finds that, even when considered in conjunction with Plaintiff's expert disclosures, Plaintiff has not adequately set forth a summary of the facts and opinions to which Mr. Larson is expected to testify with respect to his estimate. While the court acknowledges that a price estimate may be difficult to summarize, Plaintiff made no attempt in its disclosures to narrow the facts or opinions reflected in the estimate so as to provide Defendant any guidance as to the topics or subjects Mr. Larson might address at trial. *See* [Doc. 34-1 at 1]. More specifically, the estimate is a 45-page document in which Mr. Larson does appear to provide some opinions, *see, e.g.*, [Doc. 34-3 at 6 ("All of the existing sheathing on all structures was not capable of supporting a new roof covering."); *id.* at 45 (ultimate opinion that the replacement cost value of the total project was $252,891.50)], but the estimate primarily sets forth Mr. Larson's voluminous estimated prices of certain materials and labor. *See generally* [*id.*]. Plaintiff's representation that "Mr. Larson will testify consistent with his [estimate] and photographs" fails to the requirements of Rule 26(a)(2)(C), as it fails to identify any facts or opinions to which Mr. Larson is expected to testify. *See Nosewicz*, 2019 WL 4248895, at \*6; *see also Nicastle*, 2011 WL 1674954, at \*1 ("By [merely] citing Nicastle's files as a summary of facts, the defendant identifies a large body of detailed information and, thus, fails to provide

10

anything approaching a brief account or statement of the main facts on which his experts will rely.").

Although the court acknowledges Plaintiff's representation that it will "only call[] Mr. Larson for the purpose of explaining his observations in the photos to his estimate and how he estimated the cost of repairs which is also in his estimate," [Doc. 38 at 6], this limitation is not evident in Plaintiff's disclosures. *See* [Doc. 34-1 at 1]. Indeed, while this representation may *now* provide Defendant with information to ascertain the scope of Mr. Larson's anticipated testimony, Plaintiff's disclosures did not, as required by Rule 26(a)(2)(C). *Cf. Fergus v. Faith Home Healthcare, Inc.*, No. 2:18-cv-02330-JWL-TJJ, 2019 WL 511642, at *3 (D. Kan. Feb. 8, 2019) (disregarding representation made in response to motion to strike but not made in actual expert witness disclosures). For these reasons, the court finds that the disclosure of Mr. Larson failed to set forth a summary of the facts and opinions to which Mr. Larson is expected to testify, which violates Rule 26(a)(2)(C)(ii).

**Toni Morrow**. Finally, Plaintiff disclosed Ms. Morrow as a non-retained expert as follows:

> Toni Morrow, Starling Adjuster Group, LLC., 13753 Monroe St., Thornton, CO 80602, (720) 432-5736. Ms. Morrow inspected the Property and prepared a report assessing the hail damage to the subject Property, including the roof assembly, rooftop decking/substrate, rooftop vents, exterior stucco, and the necessary scope of repair or replacement as part of her role as the Plaintiff's appraiser in this matter.

[Doc. 34-1 at 2]. According to Defendant, Plaintiff did not provide Defendant a copy of the report referenced by Ms. Morrow nor inform Defendant where the report could be located. [Doc. 34 at 5]. In response, Plaintiff "agrees that [Ms. Morrow's] disclosure fails to state a summary of the facts of her opinion," but argues that "the disclosure error is harmless, and Defendant is not prejudiced by the disclosure." [Doc. 38 at 7].

The court agrees with Defendant, and seemingly with Plaintiff, too, that the designation of Ms. Morrow does not comply with Rule 26(a)(2)(C). Notwithstanding the fact that the disclosure does not indicate that Ms. Morrow is expected to testify about her "report assessing the hail damage to the subject Property, including the roof assembly, rooftop decking/substrate, rooftop vents, exterior stucco, and the necessary scope of repair or replacement," *see* [Doc. 34-1 at 2], this disclosure provides "no guidance as to the scope or basis of intended expert testimony from the non-retained experts, as opposed to any factual testimony that these individuals may also provide." *Green Earth Wellness*, 2016 WL 632051, at *4; *A.R. by Pacetti*, 2013 WL 5462277, at *3; *see also Nicastle*, 2011 WL 1674954, at *1. For these reasons, the court finds that Plaintiff's disclosure of Ms. Morrow does not comply with Rule 26(a)(2)(C)(ii).

**II.   Whether Sanctions Are Appropriate**

Having concluded that Plaintiff's expert disclosures violate Rule 26(a), the court must determine the appropriate sanction, if any. Under Rule 37(c), a party who fails to provide information required by Rule 26(a) is generally "not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). To determine whether a Rule 26(a) violation was substantially justified or harmless, the court considers the following factors: (1) the prejudice or surprise to the impacted party; (2) the ability to cure the prejudice; (3) the potential for trial disruption; and (4) the erring party's bad faith or willfulness. *Woodworker's Supply*, 170 F.3d at 993. The burden of establishing substantial justification or harmlessness rests with Plaintiff. *Sender*, 225 F.R.D. at 655.

***Prejudice and Ability to Cure***. Defendant argues that it is and has been unfairly prejudiced by Plaintiff's failure to properly disclose experts because its ability to rebut those experts opinions

12

at trial has been "hamper[ed]," as it "is uncertain what, exactly, the opinions are that [Defendant's] experts will need to rebut." [Doc. 34 at 7]. Additionally, Defendant asserts that it "cannot possibly comply with the Scheduling Order and rebut Plaintiff's experts given the lack of specific expert opinions which Plaintiff intends for its experts to offer." [*Id.*].[2] Plaintiff does not completely respond to Defendant's argument, focusing its substantial justification and harmlessness arguments on the disclosure of Ms. Morrow. *See* [Doc. 38 at 7-8]. With respect to Ms. Morrow, however, Plaintiff asserts that Defendant subpoenaed Ms. Morrow's report and received that document and could have subsequently submitted discovery requests to obtain additional information about her opinions upon receiving her report. [*Id.*]. Moreover, Plaintiff asserts that, to cure any prejudice, Plaintiff is "open to an untimely deposition of Ms. Morrow to determine the nature and extent of her testimony and if it is expert testimony or not." [*Id.* at 8].

While the court recognizes that, at this juncture, Defendant cannot provide any further rebuttal to Plaintiff's expert disclosures because discovery has closed, the court notes that Plaintiff submitted her affirmative expert disclosures on February 26, 2021, six weeks before the rebuttal expert deadline and two months prior to the close of discovery. *See* [Doc. 16 at 11; Doc. 20]. Yet there is no indication in the record that Defendant challenged the sufficiency of Plaintiff's expert disclosures when it received those disclosures or in the following two months, prior to the discovery deadline, despite its ability and opportunity to do so. Nor did Defendant, to the best of the court's knowledge, contact the undersigned's chambers to request an informal discovery dispute conference to address Plaintiff's deficient disclosures during discovery. Instead, Defendant waited four months after receiving Plaintiff's disclosures—after the rebuttal expert deadline and after the close of discovery—to file its Motion to Strike. *See* [Doc. 34]. In addition,

---

[2] Defendant does not address Plaintiff's ability to cure. *See* [Doc. 34 at 7].

13

it is not clear from the record that anything precluded Defendant from deposing these individuals during the discovery period that closed on June 24, 2021—prior to the identification of any issue with respect to the expert disclosures to the court. [Doc. 32]. The court cannot conclude that Defendant has suffered significant prejudice where it seemingly had the opportunity to avoid that prejudice and did not take it, and where at least some level of prejudice could reasonably be attributed to Defendant's strategic decision to file its Motion to Strike after the close of discovery.

Nevertheless, the court recognizes an inherent risk of prejudice caused by an opposing party's deficient expert disclosures, as such deficient disclosures may hinder a party's ability to adequately or appropriately prepare for trial. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 954 (10th Cir. 2002) ("Prejudice results because the expert reports did not reveal what the experts will testify to at trial."); *cf. Masters v. Safeco Ins. Co. of Am.*, No. 20-cv-00631-PAB-NRN, 2021 WL 4317112, at *14 (D. Colo. Sept. 23, 2021) (a Rule 26(a)(2)(B) violation resulted in prejudice where it hindered the party's ability to effectively prepare for trial). But even so, the court finds that this risk of prejudice can be cured by requiring Plaintiff to supplement its Rule 26(a)(2)(C) disclosures to identify the specific subject matter on which each non-retained expert witness is expected to present evidence and to set forth a more detailed summary of the facts and opinions that Plaintiff seeks to elicit from each witness. *See Green Earth Wellness*, 2016 WL 632051, at *5 (finding supplemental disclosures the appropriate remedy for a Rule 26(a)(2)(C) violation); *Vanderlaan*, 2021 WL 4441518, at *8 (same); *Nicastle*, 2011 WL 1674954, at *2 (where it was clear from the record that the plaintiff was familiar with documents on which the defendant's experts intended to rely, finding that "if the defendant provides a summary of the particular facts in those files on which each of the defendant's proposed experts will rely, that summary will provide the plaintiff with adequate notice of the factual basis for the opinion testimony the

defendant will seek to introduce in this case."). Indeed, the court finds that supplemental disclosures which comply with Rule 26(a)(2)(C) would obviate Defendant's concern that it will be unable to rebut the experts' opinions at trial, as such supplemental disclosures would provide Defendant the subjects and anticipated facts and opinions of each witness's testimony. Thus, while the court does find some level of prejudice here, the court concludes that such prejudice can be cured.[3]

      ***Potential for Trial Disruption and Bad Faith***.  With respect to the potential that the trial will be disrupted if the subject testimony is permitted, Defendant argues that introducing testimony from the experts at issue would disrupt the trial because "Defendant would be hearing it for the first time along with the jury" and would have to formulate its defenses "on the fly." [Doc. 34 at 8]. The court respectfully disagrees that the trial would be disrupted by permitting this testimony, particularly if the court orders Plaintiff to submit supplemental disclosures which comply with Rule 26(a)(2)(C). Trial has not yet been set in this matter, and thus there is no indication that Defendants will not have adequate time to prepare for trial upon receiving Plaintiff's revised disclosures. *Cf. Gayton-Luna v. Target Corp.*, No. 20-cv-01135-KLM, 2021 WL 5182015, at *8 (D. Colo. Aug. 10, 2021) (finding minimal risk of disruption of trial that was set five months out); *Vanderlaan*, 2021 WL 4441518, at *8 ("Any prejudice that could result from plaintiff's insufficient disclosure can be cured without any disruption to the trial, which is not set until [eight months out], by allowing plaintiff to supplement her disclosures."). Indeed, upon reassignment to the Honorable Regina M. Rodriguez, a Final Pretrial Conference will not be set until Judge Rodriguez has had an opportunity to rule upon the Motion for Summary Judgment [Doc. 45] that

---

[3] For this reason, the court does not find that re-opening discovery and permitting an out-of-time deposition of Ms. Morrow, as suggested by Plaintiff, is necessary at this juncture.

15

is currently still pending. Finally, Defendant does not argue that Plaintiff has acted in bad faith, *see* [Doc. 34 at 8], and the court agrees that the record does not support a finding of bad faith.

Considering all of the relevant factors, the court does not find that the "drastic sanction" of excluding evidence is warranted here. *See Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997*); see also Silver v. Shapiro*, No. 10-cv-01856-CMA-KLM, 2011 WL 1321798, at *4 (D. Colo. Apr. 5, 2011) (requiring Plaintiff to revise insufficient expert disclosures, but declining to strike expert testimony, because "[w]ithout a finding of bad faith or gamesmanship . . . courts are loathe to invoke the strong medicine of precluding expert testimony"). While Plaintiff—who bears the burden under Rule 37—offers little argument as to why its Rule 26(a) violations were substantially justified or harmless, *see* [Doc. 38], the court is permitted to impose sanctions other than the exclusion of testimony at trial, *see* Fed. R. Civ. P. 37(c)(1)(C), and has "considerable discretion to determine an appropriate sanction under Rule 37 and the particular circumstances of a given case." *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01-cv-01644-REB-CBS, 2010 WL 502721, at *17 (D. Colo. Feb. 8, 2010); *see also Woodworker's Supply*, 170 F.3d at 993 (the decision whether a Rule 26(a) violation is justified or harmless "is entrusted to the broad discretion of the trial court"). In exercising such discretion, the court is mindful of the Tenth Circuit's directive that "[w]here a party seeks to have evidence excluded on the basis of alleged discovery misconduct, 'the challenged behavior must *substantially* have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial.'" *Ellsworth v. Tuttle*, 148 F. App'x 653, 663 (10th Cir. 2005) (unpublished) (quoting *Woodworker's Supply*, 170 F.3d at 993) (emphasis in original). For the reasons stated herein, the court cannot conclude that such substantial interference is present here.

In sum, while I find that Plaintiff's affirmative expert disclosures failed to comply with the substantive requirements of Rule 26(a)(2)(C), I find that any prejudice resulting from this failure can be cured by requiring Plaintiff to supplement its disclosures. Accordingly, the Motion to Strike is **DENIED** insofar as it seeks to strike the expert testimony of Mssrs. Verstreater and Larson and Ms. Morrow. In so ruling, the court does not pass on the admissibility of any of Plaintiff's non-retained expert testimony, a determination which is reserved for the presiding judge. In addition, Plaintiff is **ORDERED** to produce supplemental expert disclosures which comply with Rule 26(a)(2)(C) no later than **December 10, 2021**.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1) Defendant's Motion to Strike Plaintiff's Affirmative Non-Retained Experts Ryan Verstreater, Kyle Larson, Fabian Benavidez and Toni Morrow [Doc 34] is **DENIED**; and

(2) Plaintiff **SHALL PRODUCE** a supplemental copy of its Rule 26(a)(2)(C) disclosures for already-identified non-retained experts with specific information reflecting (1) the subject matter upon which the witnesses is expected to present expert testimony; and (2) a descriptive summary of the facts and opinions to which the witness is expected to testify, no later than **December 10, 2021**.

DATED: November 30, 2021                    BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge